**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TOBY SHANE PETERS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-2597 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Toby Shane Peters, seeks habeas corpus relief under 28 U.S.C. § 2254. Peters was convicted of burglary of a habitation with intent to cause theft, a felony offense. Peters does not attack the validity of this conviction or sentence. Rather, he challenges a prison disciplinary hearing conducted at the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 1). For the reasons set out in detail below, this court grants respondent's motion for summary judgment and enters final judgment by separate order dismissing this case with prejudice.

**I.      Background**

Peters was charged with the disciplinary offense of threatening to inflict harm on an officer. The charge specifically stated that Peters had threatened to inflict harm on Officer S. Davis by stating: "I'm gonna get you." Peters received a copy of the charges on April 25,

2003, with notice that a hearing would begin on April 29, 2003. At the hearing, Peters was assisted by counsel substitute, who informed him of his right to call and question witnesses and his right to present documentary evidence. Peters requested certain witnesses, and the hearing was recessed in order to locate one of them, inmate Eugene Landcaster. Both this inmate and another inmate, Charles German, testified. Officer Davis also testified that her report as to what Peters had said to her was true and correct. On May 1, 2003, Peters was found guilty of the charged offense. The punishment was a loss of commissary and recreation privileges for 35 days; one day of solitary confinement; a loss of 60 days of good-time credit; and a line-class reduction from S3 to L1. Peters filed a step one and a step two grievance of the disciplinary conviction and sentence, which were denied. In this suit, he alleges that his due process rights were violated because he was not allowed to present all the witnesses he asked for; the administration failed to investigate before the hearing; the hearing officer violated procedural guidelines and rules as to the time limits for conducting the hearing; the hearing officer interrupted and interfered with Peters's questioning; and the disciplinary charge was unwarranted because Peters did not verbally threaten the officer. Peters also asserts that one of the officers involved in filing the charge obstructed justice by tampering with a state document. Finally, Peters asserts that there was insufficient evidence to support the hearing officer's finding of guilt and that he was denied effective assistance of counsel.

Respondent moves for summary judgment. Each argument and Peters's responses are examined below.

## II.     Analysis

In *Wolff v. McDonnell,* 418 U.S. 539, 563–66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences. *Walker v. Navarro County Jail,* 4 F.3d 410, 412 (5th Cir. 1993). A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. *Id.* When the punishment has no effect on the length of the sentence, an inmate is entitled to some notice, an opportunity to present his view either in person or by written statement, and an informal, nonadversarial review. *Hewitt v. Helms*, 459 U.S. 460, 476 (1983).

A state may, under certain circumstances, create liberty interests applicable to prisoners, protected by the Due Process Clause of the Constitution. *Sandin v. Conner,* 515 U.S. 472, 473-74 (1995). Such interests generally arise only from state-created regulations or statutes that affect the quantity, rather than the quality, of time served by a prisoner. The Due Process Clause does not protect every change in the conditions of confinement that substantially affect a prisoner. *Id.* at 478. A prisoner's loss of good-time credits as punishment for a disciplinary conviction, increasing the sentence that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must

be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

To the extent that Peters is claiming a denial of due process based on the loss of commissary privileges and the line-class reduction, his claim fails. This punishment is not the type of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that requires due process protection. *Sandin,* 515 U.S. at 484, 486 n.9. This punishment changed the conditions of Peters's confinement, but does not give rise to a due process claim. *Madison,* 104 F.3d at 767–68.

The law is clear that no due process claim arises from punishment that reduces line-class status. The custody classification change diminished Peters's ability to earn good-time credits, but this does not rise to a deprivation of a constitutionally protected liberty interest. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protection of the due process clause"). The possibility that an inmate's good-time earning status will affect the timing of his release is too speculative to give rise to a due process claim. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000).

Because Peters also lost 60 days of accrued good time, and received a day of solitary confinement, respondent was required to meet the due process standards set out in *Wolff v. McDonnell*, 418 U.S. at 556. The record reveals that these standards were met. Peters received written notice of the charge more than 24 hours before the hearing. He was permitted to call two inmate witnesses; indeed, the hearing was recessed to permit one of

them to be located and brought to the hearing. Although Peters asserts that he was denied the right to call two other witnesses, they were correctional officers who were not present at the time of the incident. The record does not support his argument that he was prevented from presenting his defense. The procedural irregularities he asserts are not a basis for federal habeas relief, which only applies if federal constitutional rights are violated. *Myers v. Klevenhagen*, 97 F.3d 91, 93 (5th Cir. 1996).

Nor does the record support Peters's argument that there was insufficient evidence to support the disciplinary conviction or that the charging instrument did not support the conviction or that the charging instrument or disciplinary report had been altered. To the contrary, Peters's defense was that he did not make an audible threat to Officer Davis, but rather that he mouthed the words: "I'm gonna get you," which the officer was able to "lip read." Peters contends that there is no disciplinary offense in making a silent threat; he asserts it must be not only verbal, but audible. Officer Davis testified about the threat and the decision she made to report it. Written statements by Officers Tenorio and Gonzalez also supported the conviction. A court may not disturb a prison disciplinary hearing result if it is supported by "any evidence at all," so that it is not "arbitrary and capricious." See *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001). The record amply supports the disciplinary conviction.

Finally, Peters's claim that his counsel substitute provided ineffective assistance is not a basis for habeas relief. Peters had no right to assistance of counsel and cannot obtain relief if the assistance he was provided was inadequate.

**II.     Conclusion**

This court denies Peter's motion under section 2254 and, by separate order, enters final judgment.  Any remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right.  *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Finley v. Johnson,* 243 F.3d 215, 218 (5th Cir. 2001).

When, as here, a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack,* 529 U.S. at 484.  This court will not issue a certificate of appealability because Peters has failed to make the necessary showing.

SIGNED on June 13, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge